

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0478-20

### ROBERT F. HALLMAN, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### TARRANT COUNTY

PER CURIAM.

## O P I N I O N

The court of appeals in this case held that the State violated the 2013 revision of Article 39.14 of the Code of Criminal Procedure, also known as the Michael Morton Act, when certain evidence the State should have disclosed pre-trial was not revealed until the punishment phase of Appellant's trial. *Hallman v. State*, 603 S.W.3d 178, 200 (Tex. App.—Fort Worth 2020); TEX. CODE CRIM. PROC. art. 39.14. That evidence, Appellant

argued, was relevant at the guilt phase of his trial to impeach the testimony of the mother of the complaining witness in this prosecution for various acts of sexual abuse.

The court of appeals concluded that the trial court erred in failing to grant Appellant's punishment-phase request for a mistrial because of the tardy disclosure of this guilt-phase impeachment evidence. *Hallman*, 603 S.W.3d at 200. In so holding, the court of appeals deemed the late-revealed evidence to have been "material" in contemplation of Article 39.14(a), as amended by the Michael Morton Act. *Id*. at 199. We granted the State's petition for discretionary review to examine the decision of the court of appeals with respect to its conclusion that the impeachment evidence was "material to any matter involved in the action" for purposes of Article 39.14(a).

Since granting discretionary review in this case, this Court has issued its opinion in *Watkins v. State*, ___ S.W.3d ___, 2021 WL 800617 (Tex. Crim. App. Mar. 3, 2021), in which we construed the phrase "material to any matter involved in the action" under the Michael Morton Act. The court of appeals in this case did not have the benefit of the Court's opinion in *Watkins*. We now vacate the judgment of the court of appeals and remand the case to that court for further consideration and disposition consistent with *Watkins*.

DELIVERED:            April 21, 2021
PUBLISH